**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **ACHILLES CEDRIC CURBISON,** | **Case No. 26–cv–03519–ESK–SAK** |
| **Plaintiff,** | |
| **v.** | |
| **UNITED STATES OF AMERICA,** | **OPINION AND ORDER** |
| **Defendant.** | |

**THIS MATTER** having come before the Court on plaintiff Cedric Curbison's application (Application) to proceed *in forma pauperis* (IFP) (ECF No. 1–3); and Curbison having brought this action against defendant United States of America (Defendant),

1.      Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2.      Curbison's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

3.      I will accordingly screen the action to determine whether the complaint (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). Courts can also determine whether *res judicata*[1] applies when screening complaints under

---

[1] *Res judicata* "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

§1915(e)(2)(B).  *Kraft v. Phelan Hallihan*, 18–15525, 2021 WL 2767383, at \*2 (D.N.J. July 1, 2021).

4.    Curbison filed a complaint in *Curbison v. United States, et al.*, Case No. 05-cv-05280 (Prior Case).  Curbison filed an amended complaint in the Prior Case.  (05–cv–05280 ECF No. 5.)  In the Prior Case, Curbison asserted claims against Defendant, and other defendants, for unlawful seizure and disposition of his real property and money, and violation of his "constitutional, civil and legal rights."  (*Id.* p.6.)  Although seeking equitable relief rather than damages, Curbison asserts the same allegations in this case.  (ECF No. 1 pp.2, 3, 11 (Compl.) (requesting the Court "[o]rder the United States to return all property seized from [Curbison]," including real property, two vehicles, and financial accounts, based on "the Government's continued retention and/or disposition of property without lawful authority following the termination of forfeiture proceedings").)

5.    The Prior Case was dismissed with prejudice on November 6, 2008 for lack of prosecution.  (05–cv–05280 ECF No. 50.)

6.    On September 19, 2025, I dismissed with prejudice Curbison's last attempt to file nearly identical claims.  *Curbison v. United States, et al.*, Case No. 25–cv–15408, ECF No. 3 (2025 Case) (dismissing based on *res judicata* from the Prior Case).

7.    The claims in this matter, being substantially similar to those claims alleged in the Prior Case, are barred by *res judicata*.[2]  Under Federal Rule of Civil Procedure 41(b), a dismissal for failure to prosecute operates as an adjudication on the merits, which bars further action between the parties. *Landon v. Hung*, 977 F.2d 820, 833 (3d Cir. 1992).  Because the merits of the complaint in this case were already adjudicated in the Prior Case, and addressed again in the 2025 Case, an amended complaint would be futile.  *See Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n.*, 14 F. Supp. 3d 591, 596 (D.N.J. 2014) ("[d]ismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile").

8.    Pursuant to the All Writs Act, 28 U.S.C. §1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation."  *Brow v. Farrelly*,

---

[2] Even Curbison recognizes the similarity of the claims in the in this case to the claims in the prior cases and attempts to argue that because "this motion is not a damages action and does not relitigate prior claims," it is not barred by *res judicata*. (Compl. p.10.)  But "[t]he doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that *could have been brought.*"  *Duhaney*, 621 F.3d at 347 (emphasis added).

994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system—the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also In re Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. U.S. Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

9. Curbison is placed on notice that filing additional cases asserting the same claims that the Court has now dismissed with prejudice three times will result in the issuance of a prefiling injunction to prevent the continuation of his vexatious litigation conduct.

Accordingly,

**IT IS** on this **13th** day of **April 2026** **ORDERED** that:

1. The Application (ECF No. 1–3) is **GRANTED.**

2. The Complaint is **DISMISSED with prejudice**.

3. The Clerk of the Court is directed to close this matter and send a copy of this Order to Curbison by regular mail.

_/s/ Edward S. Kiel_  
**EDWARD S. KIEL**  
**UNITED STATES DISTRICT JUDGE**